UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MITCHELL SWADLING,

        Plaintiff,        CIVIL ACTION NO. 14-cv-10251

vs.

        DISTRICT JUDGE TERRANCE G. BERG

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Chad Swadling seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 10). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern district of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.        **RECOMMENDATION:**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 10) be GRANTED. The undersigned further recommends that the Court impose a sanction of $7,500.00 against

Plaintiff's counsel and that the Court refer Plaintiff's counsel to the Attorney Grievance Commission for disciplinary proceedings.

## II. PROCEDURAL HISTORY:

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income with protective filing dates of March 1, 2011, alleging that he had been disabled since February 27, 2009, due to degenerative disc disease, carpal tunnel syndrome, chondromalacia patella of the left knee, and an adjustment disorder with depression. (*See* TR 18, 20.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on August 16, 2012, before Administrative Law Judge (ALJ) Andrew G. Sloss, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 18-27.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

## III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT'S TESTIMONY

### A. Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits. (Docket no. 9 at 5.) Notably, Plaintiff's brief fails to contain a single reference to the medical record. (*See* docket no. 9.) Further, Plaintiff's discussion of his testimony is limited to the following:

> The claimant testified at the hearing that he is able to stand for a brief period of time before he has to sit because he has extreme back pain. (Tr. 41) He can only stand for 15 minutes before he has to sit, and he's also limited in his ability to walk. (Tr. 41) As a result of the back pain, knee pain, neck pain, and hand pain, Mr. Swadling has been largely unemployable. More so, he doesn't even have a valid driver's license. (Tr. 36)

2

(Docket no. 9 at 9.) Defendant and the ALJ each set forth a detailed overview of Plaintiff's medical history. (TR 22-25; docket no. 10 at 5-8.) The undersigned has reviewed the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein. Plaintiff's medical record and testimony as set forth in the ALJ's decision and Defendant's motion are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### C. Vocational Expert's Testimony

After asking the VE to discuss Plaintiff's past work experience, the ALJ asked the VE to consider a hypothetical individual with the same age, education, and work experience as Plaintiff. (TR 45.) He told the VE to assume that this individual was able to work at the light level with the following limitations:

> . . . [The individual] can only occasionally climb, crawl and balance. He can frequently stoop, kneel and crouch. He is limited to frequent fingering bilaterally and must avoid concentrated exposure to extreme heat, cold, vibration and humidity. He must also avoid concentrated exposure to hazard.
>
> His psychological symptoms and the side effects from his medication limit him to unskilled work as defined by the regulations.

(TR 45.) The VE testified that such an individual could perform a reduced range of information-clerk, office-clerk, and host positions. (TR 45-46.)

The ALJ then asked the VE to assume that the a second hypothetical person with the same age, education, and work experience as Plaintiff. (TR 46.) He told the VE to assume that this individual was able to work at the sedentary level with the following limitations: "[The individual] must lie down and elevate his legs for up to six hours of an eight-hour work day to relieve pain and also his necessary medications interfere with his ability to concentrate so that he would be off task for more than 20 percent of the workday." (TR 46.) The VE testified that such an individual would

3

be precluded from competitive work. (TR 46.)

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2009, that he had not engaged in substantial gainful activity since February 27, 2009, and that he suffered from severe "degenerative disc disease, carpal tunnel syndrome, chondromalacia patella of the left knee, and an adjustment disorder with depression." (TR 20.) The ALJ further found that Plaintiff's impairments did not meet or equal one of the listed impairments. (TR 20-22.)

The ALJ then determined that Plaintiff had the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform light work . . . except the claimant can occasionally climb, crawl and balance. He can frequently stoop, kneel and crouch. He is limited to frequent fingering bilaterally, and must avoid concentrated exposure to extreme heat, cold, vibration and humidity. He must also avoid concentrated exposure to hazards. His psychological symptoms limit him to unskilled work as defined by the Regulations.

(TR 22-25.) Then, after finding that Plaintiff had no past relevant work, the ALJ found, in reliance on the VE's testimony, that Plaintiff could perform a significant number of jobs in the national economy; therefore, he was not under a disability from February 27, 2009, through the date of the ALJ's decision (TR 25-27.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525,

4

528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

#### 1. The Parties' Motions

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at

*8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "the Commissioner erred as a matter of law in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 9 at 7.)

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper. In substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his own testimony. (*See* docket no. 9.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed an almost identical brief, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for h[er] challenge to the ALJ's assessment of h[er] credibility." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL

1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.).

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." *Id.* at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (E.D. Mich. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700

(E.D.Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

### 2. Sanctions Against Plaintiff's Counsel

Since Chief Judge Rosen's decision in *Fielder*, the undersigned recommended that the Court deny Motions filed by Attorney Doud for the same reasons discussed herein. *See, e.g.*, *Willis v. Comm. of Soc. Sec.*, No. 13-12323; *Boettcher v. Comm. of Soc. Sec.*, No. 13-13125. These recommendations, however, did not include any sanctions because "[a]ny consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate" where the Motion was filed before *Fielder*. *Id.*, *but see Armstrong v. Comm. of Soc. Sec.*, No. 13-14218, docket no. 13 at 14 (recommending a $5,000.00 sanctions where attorney Doud "recognized the issue and either carelessly failed to address it or chose to ignore it").[1]

Plaintiff's Motion in the instant matter was filed after Chief Judge Rosen's decision in *Fielder*. Attorney Doud has been warned, and he has ignored those warnings. Sanctions are now appropriate. As noted in *Armstrong*, Attorney Doud's conduct is egregious and a wanton abuse of the judicial process tantamount to bad faith, resulting in the gross misrepresentation of his client. A court may exercise its inherent powers to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). Sanctions imposed under a court's inherent authority are punitive in nature. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006). "Accordingly, the sanction must be severe enough to have some deterrent effect without being excessive and risking that the sanctioned party would

---

[1] Notably, while the Court has not yet adopted the undersigned's recommendation in *Armstrong*, Attorney Doud has filed no objection to the recommendation, and the time for objections has passed.

have an inability to satisfy the sanction's terms." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3245324, at *10 (E.D. Mich. Aug. 16, 2010), aff'd, 482 F. App'x 128 (6th Cir. 2012). The undersigned finds that a sanction of $7,500.00 is now appropriate. Morever, as Chief Judge Rosen stated in *Fielder*, "failure to adhere to [the appropriate] standards will result in . . . possible referral of counsel for disciplinary proceedings." The undersigned now recommends such a referral.

## V.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 9) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 10) should be GRANTED. The Court should also impose a sanction of $7,500.00 against Plaintiff's counsel and should refer Plaintiff's counsel to the Attorney Grievance Commission for disciplinary proceedings.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 30, 2014        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 30, 2014        s/ Lisa Bartlett
                                Case Manager