UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MITCHELL SWADLING,

        Plaintiff,

v.                             Case No. 14-10251

COMMISSIONER OF SOCIAL        HON. TERRENCE G. BERG
SECURITY,                         HON. MONA K. MAJZOUB

        Defendant.
                                         /

**ORDER ADOPTING IN PART THE**
**REPORT AND RECOMMENDATION (DKT. 12)**

    This matter is before the Court on Magistrate Judge Mona K. Majzoub's December 30, 2014 Report and Recommendation (Dkt. 12), recommending that Plaintiff's motion for summary judgment (Dkt. 9) be DENIED, that Defendant's motion for summary judgment (Dkt. 10) be GRANTED, and that the Commissioner be AFFIRMED. Moreover, the Report and Recommendation recommends that the Court: (1) impose a $7,500.00 sanction against Plaintiff's counsel, Richard J. Doud; and (2) refer Mr. Doud to the Attorney Grievance Commission for disciplinary proceedings. (Dkt. 12, pp. 1-2.)

    As of the date of this Order, no objections have been filed to the Report and Recommendation and the deadline for doing so has passed. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). Where, as here, neither party objects to the report, the district court is not obligated

to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

For the reasons stated below, the Court adopts the Report and Recommendation as the opinion of this Court with the exception of the recommendation to refer Plaintiff's counsel to the Attorney Grievance Commission. Instead, Mr. Doud shall be referred to the Chief Judge of the United States District Court for the Eastern District of Michigan for the institution of disciplinary proceedings pursuant to Eastern District of Michigan Local Rule 83.22(c)(3), as well as for consideration as to whether this matter should be referred to the Michigan Attorney Grievance Commission for investigation.

As Magistrate Judge Majzoub observed, pleadings filed by Attorney Richard J. Doud have been repeatedly criticized by judicial officers in this district, and the relief requested therein routinely denied, due to their "conclusory assertions" and lack of any developed argument. (Dkt. 12, p. 8.) Indeed, the poor quality of Attorney Doud's work product has invited criticism by nearly every Magistrate Judge in this District. *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 n. 1 (E.D. Mich. Mar. 24, 2014) (collecting cases). In the *Fielder* case, Chief Judge Rosen warned Attorney Doud that his failure to "advance properly supported arguments that rest upon (and cite to) the facts of a particular case" in future submissions would "result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings."[1] *Id.*

---

[1] On January 27, 2015, Judge Gershwin Drain imposed sanctions in the amount of $2,500 against Mr. Doud for "his bad faith conduct before this Court." *Servantes v. Comm'r of Soc. Sec.*, No. 14-

2

Unfortunately, Attorney Doud has paid no attention to the Court's warning to improve his work product. He continues to file motions containing the same kind of sub-standard advocacy that led to the criticism in the *Fielder* case. Plaintiff's motion for summary judgment (Dkt. 9) in this case is a recent prime example, but far from the only one.[2]

For the reasons set out in the report and recommendation, the Court agrees that Plaintiff's motion for summary judgment (Dkt. 9) should be denied, Defendant's motion for summary judgment (Dkt. 10) granted, and the findings and conclusions of the Commissioner affirmed. In light of Attorney Doud's apparent failure to make any effort to address the deficiencies in his work product, the Court also agrees that sanctions are appropriate under the Court's inherent authority to impose them on a

---

10250, Dkt. 13, p. 2 (E.D. Mich. Jan. 27, 2015.) As of March 24, 2015, Mr. Doud had not complied with Judge Drain's order . Judge Robert Cleland, on March 6, 2015, adopted a report and recommendation denying a motion for summary judgment filed by Mr. Doud and ordered Mr. Doud to file a "statement by March 20, 2015, made under oath, that he has personally delivered to Plaintiff Kimberly Radford (1) a printed copy of the Magistrate Judge's report and recommendation, (2) a printed copy of this order, and (3) a written cover letter or memorandum to Ms. Radford" explaining that her case has been dismissed. *Radford v. Comm'r of Soc. Sec.*, No. 14-10831, Dkt. 12, pp. 2-3 (E.D. Mich. Mar. 6, 2015.) Mr. Doud complied on March 19, 2015. *Id.* at Dkt. 14. Neither Judge Drain nor Judge Cleland refered Mr. Doud to any disciplinary body.

[2] The Court has surveyed Mr. Doud's 14 most recent briefs and observes that in the year following the *Fielder* decision, Mr. Doud has continued to submit "cookie cutter" briefs devoid of any developed statement of facts, case-specific legal analysis, or any individualized argument. *See Servantes v. Comm'r of Soc. Sec.,* No. 14-10250, Dkt. 9 (E.D. Mich. May 1, 2014); *Swadling v. Comm'r of Soc. Sec.*, No. 14-10251, Dkt. 9 (E.D. Mich. May 9, 2014); *Radford*, No. 14-10831, Dkt. 9 (E.D. Mich. May 30, 2014); *Smith v. Comm'r of Soc. Sec.*, No. 14-10833, Dkt. 9 (E.D. Mich. June 8, 2014); *Clever v. Comm'r of Soc. Sec.*, No. 14-13473, Dkt. 9 (E.D. Mich. Dec. 20, 2014); *Norris v. Comm'r of Soc. Sec.*, No. 14-13559, Dkt. 9 (E.D. Mich. Dec. 20, 2014); *Jablonski v. Comm'r of Soc. Sec.*, No. 14-13776, Dkt. 9 (E.D. Mich. Jan. 9, 2015); *Hunt v. Comm'r of Soc. Sec.*, No. 14-13774, Dkt. 10 (E.D. Mich. Jan. 16, 2015); *Price v. Comm'r of Soc. Sec.,* No. 14-13662, Dkt. 9 (E.D. Mich. Jan. 26, 2015); *Budzinski v. Comm'r of Soc. Sec.*, No. 14-13705, Dkt. 9 (E.D. Mich. Jan. 26, 2015); *Williams v. Comm'r of Soc. Sec.*, No. 14-13944, Dkt. 9 (E.D. Mich. Feb. 6, 2015); *Minthorn v. Comm'r of Soc. Sec.*, No. 14-14114, Dkt. 9 (E.D. Mich. Feb. 11, 2015); *Hampton v. Comm'r of Soc. Sec.*, No. 13-13943, Dkt. 9 (E.D. Mich. Feb. 13. 2015); *Doyle v. Comm'r of Soc. Sec.,* No. 14-14277, Dkt. 9 (E.D. Mich. Feb 27, 2015). In some cases, Mr. Doud has failed to prosecute his own appeals. *See, e.g., Snell v. Comm'r of Soc. Sec.*, No. 14-13661, Dkt. 9 (E.D. Mich. Feb. 25, 2015.)

party that has acted in bad faith. *Metz. v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Magistrate Majzoub recommends that Attorney Doud be referred for disciplinary proceedings before the Attorney Grievance Commission. While such disciplinary proceedings may indeed be warranted, the Court believes that it would be more appropriate at this time to refer Mr. Doud, pursuant to Local Rule 83.22(c)(3), to the Chief Judge to decide whether the institution of disciplinary proceedings under Local Rule 83.22(e), or referral to the Michigan Attorney Grievance Commission for investigation, would be appropriate. Given Chief Judge Rosen's familiarity with the serious lapses of professionalism that have characterized Attorney Doud's filings, and in light of the broad scope of Mr. Doud's current practice before this Court[3], a referral under Local Rule 83.22(c)(3) will provide an opportunity for the most thorough review and consistent treatment of Mr. Doud's conduct as a whole.

Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge Majzoub's Report and Recommendation of December 12, 2014 (Dkt. 12) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. 9) is **DENIED**, Defendant's motion for summary judgment (Dkt. 10) is **GRANTED,** and the findings and conclusions of the Commissioner are **AFFIRMED**.

---

[3] A CM/ECF query on March 24, 2015 revealed that Mr. Doud has filed appearances in 79 Social Security cases that are currently pending in this District.

4

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Richard J. Doud, shall pay sanctions in the amount of $7,500.00 via personal check to the Clerk of Court, Eastern District of Michigan, within 30 days of the date of this Order. Mr. Doud shall also file an affidavit demonstrating his compliance with the instant order.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel, Richard J. Doud, shall be referred to the Chief Judge under the Eastern District of Michigan Local Rule 83.22(c)(3) to determine whether disciplinary proceedings under Local Rule 83.22(e) should be instituted or whether this matter should be referred to the Michigan Attorney Grievance Commission for investigation.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 24, 2015, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager